# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:11-cv-00569-GCM

| | |
|---|---|
| LWIN FAMILY CO. d/b/a HISSHO SUSHI, | }<br>}<br>} |
| Plaintiff, | }<br>} **PROTECTIVE ORDER** |
| v. | }<br>} |
| AUNG MIN TUN, THEIN AUNG, KATIE AUNG, and THATIE N FAMILY CORPORATION d/b/a YUMMI SUSHI | }<br>}<br>}<br>} |
| Defendants. | }<br>} |

## AGREED PROTECTIVE ORDER

Upon the stipulation of the parties to this action, it is hereby ORDERED that:

1. Any information produced (regardless of how generated, stored or maintained) by any party or non-party as part of discovery in this action may be designated by the producing party(ies) as "Confidential" or "Attorneys Eyes Only". A document should be designated "Confidential" when the producing party believes it contains confidential business information that should only be reviewed by certain named persons of the receiving party and must be protected against disclosure to others, including third parties.

2. A document should be designated "Attorneys Eyes Only" when it contains trade secrets or confidential business information such as marketing plans, product development plans, customer lists, pricing plans, financial information, balance sheets, supplier identities or other information which the producing party believes is highly confidential and sensitive in nature or would put the producing party at a competitive disadvantage if not kept strictly confidential.

3. Information designated "Confidential" or "Attorneys Eyes Only" may be used only in connection with this litigation, and not for any other purpose. Such information may not be disclosed to anyone except as provided in this Order.

4. The protections conferred by this Order cover not only information designated as "Confidential" or "Attorneys Eyes Only" as discussed above, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in other settings that might reveal such protective information.

5. Any party or non-party wishing to come within the provisions of this Order may designate in writing, the documents, or portions thereof which it considers confidential at the time the documents are produced. Each page of the document must be marked "Confidential" or "Attorneys Eyes Only" by the producing party. In the instance of deposition testimony, the witness under deposition or his or her counsel shall invoke the provisions of this Order in a timely manner and designate the level of restriction during the deposition. Parties shall be excluded only from testimony designated "Attorneys Eyes Only." The witness under deposition or his or her counsel shall have the right, within sixty (60) days of receiving a transcript of the deposition, to designate or change the level of restriction of the transcript or portion thereof. During the sixty (60) day period, counsel for the parties shall treat the entire transcript as if it had been designated "Attorneys Eyes Only." Documents inadvertently produced without the confidential designation may be substituted by notifying the receiving party in writing and producing appropriately designated documents, provided that it will not be considered to be a violation of the Order if the prior undesignated documents have, prior to the substitution, been disclosed to others. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the

designation. The inadvertent failure will not be deemed to waive a later claim as to the confidential designation of the documents.

6. If a producing party inadvertently discloses to the receiving party information that is privileged or otherwise immune from discovery, parties shall within thirty (30) days upon discovery such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will within ten (10) days return such inadvertently produced item or items of information and all copies thereof upon either (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure. Nothing in this paragraph shall preclude a producing party from advising the receiving party in writing and requesting that the item or items of information be returned, or from the receiving party properly returning such inadvertently produced item or items of information and all copies thereof of any documents produced by either party prior to the entry of this Order.

7. Any documents stamped "Confidential" as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available only to:

(a) Attorneys of record for the receiving party, their employees and other attorneys and/or employees of their firms;

(b) Judges, law clerks and other clerical personnel of the Court, and members of the jury before which this action is pending;

(c) Independent experts; and

(d) Officers, directors, or employees of the parties solely for the purpose of and to the extent necessary for prosecuting, defending and/or appealing this litigation.

8. Documents stamped "Attorneys Eyes Only" as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available only to:

(a) Attorneys of record for the receiving party, their employees and other attorneys and/or employees of their firms;

(b) Judges, law clerks and other clerical personnel of the Court, and members of the jury before which this action is pending; and

(c) Expert witnesses whom the receiving party identifies to the producing party at least five (5) days prior to disclosure to the expert. If the producing party has any objection to the disclosure of "Attorneys Eyes Only" information to the proposed independent expert, it shall so notify the receiving party within the five (5) day period. The parties will attempt to resolve any differences concerning such disclosure, but if they are unable to do so, the receiving party may seek relief from the Court as provided in paragraph 15 below. No disclosure of the information shall be made to the proposed independent expert until after the Court has ruled upon the issue.

9. Each person associated with a party to this litigation (excluding outside counsel and their staff) who shall have access to designated confidential information under the terms of this Order shall, prior to being given such access, be provided with a copy of this Order and shall sign an Acknowledgment in the form of Exhibit A hereto indicating that he or she is familiar with the provisions of this Order and will abide by them, and, unless otherwise provided, such Acknowledgement shall be kept by counsel for reference should such be necessary. This shall include but not be limited to professional vendors including persons or entities that provide

proceeding support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employers and subcontractors.

10. Should any party to this litigation obtain documents from a third party, by subpoena or otherwise, which contain or can reasonably be assumed to contain confidential information of another party to this litigation, such documents shall be treated by the receiving party as "Confidential" and for "Attorneys Eyes Only" under this Order, unless or until otherwise expressly released or downgraded in writing by the party which is the owner of such documents.

11. The restrictions set forth in this Order will not apply to information which is known to the receiving party or the public, as shown by publicly available writings, before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information did not or does not become publicly known by any act or omission of the receiving party, its employees or agents which would be in violation of this Order. The restrictions set forth in this Order will also not apply to information that is (a) acquired by a non-party witness from a third-party lawfully possessing such information and having no obligation to the owner of the information; (b) was lawfully possessed by a non-party witness prior to this lawsuit, and for which there is written evidence of the lawful possession; (c) it is disclosed by a non-party witness legally compelled to disclose the information; or (d) is disclosed by a receiving party with the approval of the producing party.

12. The parties have agreed that all documents produced by either party prior to the entry of this Order may be retroactively designated as "Confidential" or "Attorneys Eyes Only"

or the equivalent wording within thirty (30) days of the entry of this Order. Any documents that are retroactively designated by either party shall be reproduced to the receiving party with a designation within thirty (30) days after entry of this Order. During the thirty (30) day period, counsel for the parties shall treat all documents produced prior to the entry of this Order as if they had been designated "Attorneys Eyes Only."

13. The parties have agreed that all depositions taken by either party prior to the entry of this Order may be retroactively designated as "Confidential" or "Attorneys Eyes Only" or the equivalent wording within thirty (30) days of the entry of this Order. Counsel for either party so retroactively designating a deposition, shall provide written notice to the other party within thirty (30) days of entry of this Order. During the thirty (30) day period, counsel for the parties shall treat all deposition testimony taken prior to the entry of this Order as if it had been designated "Attorneys Eyes Only."

14. Any document or evidence filed with the Court or submitted to the Judge which is designated as containing "Confidential" or "Attorneys Eyes Only" information will be filed in a sealed envelope or other appropriate sealed container marked on the outside with the title of the action, and a statement substantially in the following form:

### FILED UNDER SEAL

**This envelope contains information designated confidential and/or attorneys eyes only pursuant to a PROTECTIVE ORDER entered by the Court and it contents may not be examined or copied except in compliance with that order.**

15. If, at any time during the preparation for trial or during the trial of this action, any party believes that any other party or non-party has unreasonably designated certain information as "Confidential" or "Attorneys Eyes Only," or that the so-designated documents or information is excepted by paragraphs 1, 2 or 10, or believes that it is necessary to disclose designated

information to persons other than those permitted by this Order, counsel for the parties shall by certified mail, return receipt requested, provide written notification as to the above discussed unreasonable designation, exception, and/or necessary disclosure. The producing party shall have fifteen (15) days to object to any such unreasonable designation, exception, and/or necessary disclosure by written notification of the objection to the other party by certified mail, return receipt requested. If an objection is made, then the parties agree to negotiate the issue before bringing the issue before the Court. If the parties are unable to settle their dispute, the objecting party may make an appropriate application to this Court requesting that the specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Order or be available to specified other persons. No disclosure of such information shall be made until ruled upon by the Court.

16. This Order may only be modified by further order of this Court.

17. Upon termination of this action, unless the attorneys of record otherwise agree in writing, each party shall assemble and return all "Confidential" and "Attorneys Eyes Only" designated materials, including copies, to the person(s) and entity from whom the material was obtained. However, the attorney of record may retain one (1) copy of any designated documents for archival purposes solely for the purpose of addressing or defending any alleged violation of this Order. With regard to any such copy retained by the attorney of record, the confidentiality obligations imposed by this Order shall remain in effect until the producing party agrees otherwise in writing or a Court Order otherwise directs.

18. This Order will not prejudice the right of any party or non-party to oppose production of any information on the ground of attorney-client privilege, work product immunity, or any other protection provided under the law.

19. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.

Signed: May 24, 2012

Graham C. Mullen
United States District Judge

# EXHIBIT A

## **ACKNOWLEDGEMENT**

I, _____, have been asked by a party or its counsel to receive and review certain materials or testimony that have been designated as ATTORNEYS EYES ONLY and/or CONFIDENTIAL within the terms of the Agreed Protective Order entered in the action captioned:

> *Lwin Family Co., d/b/a Hissho Sushi v. Aung Min Tun, Thein Aung, Katie Aung, and Thatie N Family Corporation D/B/A Yummi Sushi*;
> Civil Action No. 3:11-CV-00569-GCM pending in the in the United States District Court for the Western District of North Carolina Charlotte Division.

1. I have read the aforementioned Agreed Protective Order, and agree to be bound by its terms.

2. I hereby agree to submit to the exclusive jurisdiction of this Court for enforcement of the undertakings I have made.

3. I declare the foregoing is true under penalty of perjury.

Dated: _____

_____
NAME

APPROVED AND AGREED TO:

Respectfully submitted,

By: s/ Kenneth I. Helfing
Kenneth I. Helfing
N.C. State Bar No. 29573
R. Bradley Jones
N.C. State Bar No. 33447

HELFING & JONES, P.C.
756 Tyvola Road, Suite 101
Charlotte, North Carolina 28217
Telephone: (704) 665-6336
Facsimile: (704) 665-6339
Email: kenhelfing@helfinglaw.com
Email: brad.jones@helfinglaw.com
*Attorneys for Plaintiff*

**ATTORNEYS FOR PLAINTIFF LWIN FAMILY CO., D/B/A HISSHO SUSHI**

By: s/ Seth L. Hudson
Seth L. Hudson
N.C. State Bar No. 32259
Clements Bernard, PLLC
1901 Roxborough Road
Suite 250
Charlotte, NC 28211
Telephone No.: (704) 790-3600
Facsimile No.: (704) 366-9744
shudson@worldpatents.com

**ATTORNEY FOR DEFENDANTS THEIN AUNG, KATIE AUNG, AND THATIE N FAMILY CORPORATION D/B/A YUMMI SUSHI**