IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11CV569

| | |
|---|---|
| LWIN FAMILY CO. d/b/a HISSHO SUSHI, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| AUNG MIN TUN, THEIN AUNG, KATIE AUNG, SOE SOE LWIN, ITSUMO ENTERPRISES, INC., and THATIE N FAMILY CORPORATION d/b/a YUMMI SUSHI, | ) |
| Defendants. | ) |

This matter is before the court upon motion of Defendants Thein Aung, Katie Aung and Thatie N Family Corporation d/b/a Yummi Sushi (collectively "Defendants") to compel discovery and for a protective order, filed August 10, 2012. Plaintiff has failed to respond.

Both Plaintiff and Defendants are sushi distributors and competitors. Plaintiff filed suit against Defendants alleging claims for, *inter alia*, misappropriation of trade secrets. The Complaint alleges that Defendants misappropriated "confidential pricing plans, marketing strategies, customers lists, and other information." (Amd. Compl. ¶ 45). Defendants propounded discovery requests upon Plaintiff requesting that Plaintiff identify with particularity the trade secrets Plaintiff alleges Defendants misappropriated. In response, Plaintiff provided a generic laundry list of broad trade secret categories. Defendants seek to compel Plaintiff to identify with specificity the trade secrets it accuses Defendants of misappropriating. Defendants also seek a protective order, relieving Defendants from having to disclose or produce their trade secrets and confidential and proprietary information until Plaintiff has identified its trade secrets with sufficient particularity.

A Plaintiff alleging misappropriation of a trade secret has the burden of identifying the trade secret "with sufficient particularity so as to enable a defendant to delineate that which he is accused of misappropriating and a court to determine whether misappropriation has or is threatened to occur." *Analog Devices, Inc. v. Michalski*, 157 N.C. App. 462, 468, 579 S.E.2d 449, 453 (2003); *Silicon Knights, Inc. v. Epic Games, Inc.*, 2008 WL 2414046, *8 (E.D.N.C. June 13, 2008). Moreover, a trade secret defendant is protected from discovery until the claimant has made a pre-discovery identification of the trade secrets involved. *See Ikon Office Solutions, Inc. v. Konica Minolta Bus. Solutions, U.S.A., Inc.*, 2009 WL 4429156 (W.D.N.C. November 25, 2009); *Silicon Knights*, 2008 WL 2414046 at *9 (holding that the party defending the trade secrets claim was justified in withholding production of its own confidential materials until after the claimant had identified the trade secrets at issue with particularity).

It appears that Plaintiff has failed to describe with particularity the trade secrets it accuses Defendant of misappropriating. Accordingly, Plaintiff is hereby directed to identify forthwith those trade secrets which it reasonably believes Defendants have misappropriated with sufficient particularity so as to enable Defendants to determine exactly what they are alleged to have done. Defendants will not be required to provide trade secret and confidential and proprietary information to Plaintiff until Plaintiff makes such disclosures.

IT IS THEREFORE ORDERED that Defendants' Motion to Compel and Motion for a Protective Order are hereby GRANTED.

Signed: October 11, 2012

Graham C. Mullen
United States District Judge